IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PABLO RAY BENITEZ, § | | |
| TDCJ No. 02201278, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. 3:21-cv-0010 | |
| § | | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
### WITH BRIEF IN SUPPORT

Petitioner Pablo Ray Benitez, a Texas state prisoner, challenges a prison disciplinary proceeding through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (West 2021). His petition should be dismissed with prejudice because he fails to state a claim for which federal habeas relief can be granted. There are no genuine issues of material fact, and the Respondent is entitled to summary judgment as a matter of law.

### JURISDICTION

Benitez seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as Benitez was, and remains, incarcerated within Brazoria County, Texas, at the time he filed this petition, which is within this Court's jurisdiction. 28 U.S.C. § 124(b)(1) (West 2021).

## PETITIONER'S ALLEGATION

Respondent Bobby Lumpkin (Director) understands Benitez to raise the following grounds for relief in disciplinary proceeding number 20200241629:

1. The correctional officer lied about the facts of the incident;
2. The TDCJ erred and did not follow its procedures with regard to this case; and
3. The TDCJ violated its own policies by not providing Benitez with a counsel substitute at the disciplinary hearing.

Fed. Pet.[1] at 6–10.

## STATEMENT OF THE CASE

The Director has lawful custody of Benitez pursuant to a judgment and sentence entered by a Texas state court. Exhibit A. In cause number S-17-3473CR, Benitez pleaded guilty to possession of a controlled substance in penalty group one in the amount of less than one gram in the 36th District Court of San Patricio County, Texas. *Id.* at 1. He was sentenced to ten years in prison for this offense. *Id.*

A procedural history of any appeal or state habeas proceeding challenging his holding conviction is not relevant because he does not directly challenge his underlying conviction. Rather, Benitez challenges disciplinary proceeding 20200241629. Fed. Pet. at 5.

---

[1] "Fed. Pet" refers to Benitez's federal habeas petition, ECF No. 1, followed by the page number assigned by the ECF system.

On July 28, 2020, Benitez was notified he was being charged with three prison disciplinary offenses,[2] a level 1, code 4.0 prison disciplinary offense, threatening to inflict harm, physical or otherwise, on another person who is not an offender; a level 2, code 27.0 prison disciplinary offense, out of place; and a level 2, code 24.0 prison disciplinary offense, refusing or failing to obey orders. DHR at 1.[3] On July 30, 2020, a Disciplinary Hearing Officer found Benitez guilty of the code 4.0 offense and declined the code 27.0 and 24.0 offenses. *Id.* He was assessed the following punishment: (1) reduction in line class from S2 to L1; and (2) two hundred days of good time lost. *Id.*

Benitez indicates that he submitted a Step 1 Grievance, initiating grievance number 2020157116. Fed. Pet. at 10. However, the Director cannot locate the disciplinary grievance records and thus lacks sufficient information to admit or deny this allegation in the petition. *See* DGR Affidavit.

---

[2]   TDCJ-CID, *Disciplinary Rules and Procedures for Offenders* http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_offenders_english.pdf (last visited Oct 30, 2020).

[3] "DHR" stands for the disciplinary hearing record. "DGR" stands for the disciplinary grievance record, which contains Rivers' Step 1 and Step 2 grievances. "DHA" stands for the disciplinary hearing audio.

Benitez placed the instant federal habeas corpus petition in the prison mail system on or about January 13, 2021.[4] Fed. Pet. at 14. This proceeding ensued.

## ADMINISTRATIVE RECORDS

Copies of the Disciplinary Hearing Record and the Disciplinary Grievance Record Affidavit in disciplinary proceeding 20200241629 are being filed with the Court electronically. A copy of the Disciplinary Hearing Audio will be sent by mail. A copy of Benitez's judgment of conviction showing his holding conviction is attached as Exhibit A.

## BENITEZ'S ELIGIBILITY FOR MANDATORY SUPERVISION

Pursuant to the mandatory supervision statutes in effect when Benitez committed his holding offenses,[5] he is eligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149 (West 2017); Exhibit A.

## GENERAL DENIAL

The Director denies all of Benitez's assertions of fact, except those supported by the record or those specifically admitted herein.

---

[4] A federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009), citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998). The Director reserves the right to argue a later filing date than the date petitioner signed his federal habeas petition.

[5] Eligibility for mandatory supervision is determined by the date of commission of the offense. *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).

## RULE 5 STATEMENT

The Director does not believe that Benitez's petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d) (West 2021). Nor does the Director believe that Benitez's claims are subject to the successive petition bar, 28 U.S.C. § 2244(b) (West 2021). Finally, the Director believes that Benitez has exhausted his administrative remedies for his claims. 28 U.S.C. § 2254(b)(3) (West 2021). The Director reserves the right to raise exhaustion or any other procedural bar should Benitez or the Court disagree with the Director's construction of the claim presented or should Benitez attempt to add new claims or evidence.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### I.   Standard of Review

A party moving for summary judgment bears the burden of informing the Court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). However, while summary judgment rules apply with equal force in federal habeas proceedings, the rule only applies to the

extent that it does not conflict with the rules governing habeas review. "Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are 'presumed to be correct' – overrides the ordinary rule that, in summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless … [the petitioner] can 'rebut […] the presumption of correctness by clear and convincing evidence' as to the state court findings of fact, they must be accepted as correct." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## II.    The Evidence Was Sufficient to Support Benitez's Guilt. (Ground 1).

In his first claim, Benitez's claims seem to be complaining, essentially, that there was not sufficient evidence to find him guilty of the disciplinary offense because the testimony relied upon for conviction was false and that Officer NTA lied about the incident. Fed. Pet. at 6–7. To the extent this is the case, this claim is meritless because there was evidence Benitez committed the offense, and the decision was not arbitrary and capricious.

Acknowledging that the prison disciplinary process is rehabilitative in nature and takes place in a highly controlled setting, the Supreme Court grants prison officials a high degree of deference. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-456 (1985). Specifically, the Court held that the requirements of due process are satisfied if prison disciplinary findings are supported by a "modicum of evidence," meaning that a reviewing court should not engage in weighing the evidence or assessing the credibility of witnesses.

*Id.* at 455. Accordingly, the Fifth Circuit held that disciplinary findings "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The court's only role on review is only to examine if the guilty finding is supported by "any evidence." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Disciplinary sanctions may be overturned only where there is *no evidence* to support the sanctions. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (emphasis added).

Here, the charging officer gave a written report of the incident. DHR, at 2–3. Statements from other offenders were included in the Disciplinary Hearing Record as well. DHR, at 6–7. At Benitez's disciplinary hearing, the charging officer testified to the facts that occurred, including that she was threatened by the offender. DHA, at 7:00–10:37. All of this is enough to meet a "modicum of evidence" at the very least. *See Hill*, 472 U.S. at 455; *Hudson*, 242 F.3d at 536–37 (finding an officer's identification of an offender in a written report constituted "some" or "any" evidence to support the prison disciplinary board's guilty finding).

To the extent that there is disagreement over whether Benitez's threatened the officer, the complaining witness indicated that she was threatened and the Disciplinary Hearing Officer (DHO) found that Benitez did threaten Officer NTA in violation of a Level 1, code 4.0 prison disciplinary offense. The DHO heard the testimony from the complaining witness and judged the truthfulness of the statements. The DHO weighed this testimony against the statement from Benitez and two other witnesses. DHA at 3:21-

7

5:55, 5:58-6:30.The finder of facts is entitled to believe none, all, or any part of a witness's testimony. *United States v. Estrada-Fernandez*, 150 F.3d 491, 496 n.3 (5th Cir. 1998) Therefore, Benitez's claims regarding the sufficiency of the evidence should be denied and dismissed with prejudice.

### III. Benitez's Claims That the Prison Officials Violated Their Own Policies by Not Being Trained Properly Do Not Give Rise to an Actionable Claim. (Grounds 2 and 3).

To the extent that Benitez's claims allege that TDCJ staff members violated their own policies and procedures, such contentions are not cognizable on federal habeas corpus review. *Myers v. Klevenhagen*, 97 F. 3d 91, 94 (5th Cir. 1996) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F. 2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Federal habeas review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or administrative procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

In his third ground, Benitez complains that he was not given "the proper counsel substitute". Fed. Pet. at 9. However, Benitez was provided a counsel substitute, C.S. Polk. DHR at 1, DHA at 0:29. Therefore, the requirement that

8

an illiterate inmate be provided with the assistance of a staff member was satisfied. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974).

Accordingly, Benitez's claim of prison officials violating their own policies do not provide an actionable basis for relief under federal habeas corpus law, and his petition must be dismissed with prejudice. *See Sandin*, 515 U.S. at 483–84; *Madison*, 104 F.3d at 767.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this petition for writ of habeas corpus be denied and dismissed with prejudice and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Patrick D. Todd*
PATRICK D. TODD*
\*Lead Counsel                Assistant Attorney General
State Bar No. 24106513

P. O. Box 12548,
Austin, Texas 78711-2548
(512) 936-1400
Facsimile No. (512) 936-1280
ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on the 20th day of May, 2021, addressed to:

Pablo Ray Benitez
TDCJ No. 02201278
Darrington Unit
59 Darrington Road
Rosharon, TX 77583

*/s/ Patrick D. Todd*
PATRICK D. TODD
Assistant Attorney General